UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAUL MENDEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMUNITY HEALTH CLINICS, INC., d/b/a TERRY REILLY HEALTH SERVICES,<br><br>　　　　Defendant. | Case No. 1:16-cv-00425-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

The Court has before it pro se Plaintiff Raul Mendez's Motion for Reconsideration (Dkt. 20) and Motion for Service of Filings Via Email (Dkt. 21). The Court will address each motion in turn. For the reasons set forth below, the Court DENIES both Motions.

I.　Motion for Reconsideration

On April 12, 2017, Mendez filed a Motion for Appointment of Pro Bono Representation with the Court. Dkt. 8. On August 25, 2017, the Court issued an order denying Mendez's request. Dkt. 18. Mendez now asks for reconsideration of the Court's ruling.

As a threshold matter, the Court notes that a "Motion for Reconsideration" is not a procedural mechanism available in Federal Court except in limited circumstances, none of which are present here. While Mendez correctly cites Federal Rule of Civil Procedure 60 as the rule regarding motions for relief from a judgment or order, his interpretation is

MEMORANDUM DECISION AND ORDER - 1

incorrect. Rules 59 and 60 only apply to final, appealable orders.[1] *See United States v. Martin,* 226 F.3d 1042, 1048 (9th Cir. 2000). Although no such avenue exists as to the order Mendez seeks relief from, the Court will nonetheless address Mendez's Motion.

As the Court explained previously, unlike in criminal cases where a plaintiff is constitutionally entitled to legal representation, no such right exists in a civil suit. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Additionally, while Mendez and the Court have used the word "appoint" when discussing whether legal representation is appropriate, the Court cannot actually appoint, or require, an attorney to represent an individual in a civil action. Under the rules governing pro se litigants, the Court can only "request" that an attorney represent an indigent client. *See* 28 U.S.C. § 1915(e)(1). Thus, even if the Court were to grant Mendez's request, there is no guarantee that anyone would be willing to serve as counsel. Availability, expertise, and other constraints bear upon attorneys when deciding whether or not to take on pro se cases.

Mendez cites multiple cases from the Ninth Circuit throughout his motion. Some cases are relevant; others are not. While the Court has taken the time to review each of the decisions Mendez cited, the varying outcomes in those cases were based upon very fact specific circumstances and nothing therein changes the Court's analysis in the current matter.

---

[1] For example, all three cases cited by Mendez in support of his position were motions to reconsider summary judgment decisions the Court had entered. These motions were final in their respective cases and, therefore, subject to a motion to reconsider.

MEMORANDUM DECISION AND ORDER - 2

However, one topic in Mendez's motion requires specific attention. In his Complaint, Mendez's seventh cause of action was a claim under the False Claims Act (FCA). The Court dismissed this claim in its initial review order. Dkt. 6. As noted in that decision, a pro se plaintiff cannot bring a *qui tam* FCA lawsuit—only a licensed attorney can.[2] In his motion for reconsideration, Mendez cites numerous cases which reiterate this point and asserts that this is precisely why he needs representation.

The problem is, this claim is not before the Court at this time. *However,* the Court realizes that this puts Mendez, and the Court, in a catch-22. The Court dismissed this particular claim because Mendez did not have legal representation. Now Mendez moves for counsel and part of his reasoning is that the Court dismissed his FCA claim for lack of representation. Essentially one hinges on the other.[3]

Although an interesting, and somewhat circular, situation, the Court dismissed that claim and its viability should have no bearing on the Court's decision today. Mendez, like any plaintiff, is free to bring whatever claims he believes are appropriate, with the understanding that the Court has the obligation to ensure that all claims are valid and adhere to applicable law. Such was the case with his FCA claim.

---

[2] Because a qui tam plaintiff is deemed to bring the action on behalf of the federal government, a pro se plaintiff cannot maintain such an action. *See Stoner v. Santa Clara Cty. Office of Educ.*, 502 F.3d 1116, 1126-27 (9th Cir. 2007).

[3] The Court dismissed the claim "to the extent that Plaintiff attempts to bring a claim under the False Claims Act . . . pro se," so presumably if Mendez retained an attorney he could reassert this claim.

The above situation aside, Mendez has not shown any exceptional circumstances that would require the Court to request an attorney become involved in his case. He simply would like one because he has limited resources at the community law library and his case is somewhat complex. However, Mendez has not shown why he cannot obtain counsel on his own[4] or that he has exhausted all other available resources.[5] Mendez's Motion to Reconsider is DENIED. Counsel will not be requested/appointed.

II.     Motion for Email Service

As Mendez notes, being a pro se litigant has some disadvantages. One of those involves service of filings. As a non-attorney, Mendez cannot have a pacer account and therefore must submit all motions, pleadings, and documents by hand. He also receives all correspondences with the court via US mail. Feeling that this puts him at a disadvantage, Mendez requests that he be allowed to file and receive court documents via his personal email. This, however, is not permitted.

The District of Idaho utilizes a Case Management/Electronic Case Filing (CM/ECF) system[6] and adheres to specific rules to ensure security and uniformity. If CM/ECF is not used, the only alternative is US mail and hand delivery. *See* Idaho Local

---

[4] Just because the Court granted Mendez in forma pauperis status for these proceedings does not mean that he cannot obtain counsel on his own. Mendez could hire an attorney on a contingency fee bases or at a reduced rate.
[5] There is nothing in the record to indicate that Mendez has tried to utilize the Idaho Volunteer Lawyers Program or other pro bono services that are available to him.
[6] Pacer is the public website/program that interfaces with CM/ECF.

MEMORANDUM DECISION AND ORDER - 4

District Civil Rule 5.1[7] and Electronic Case Filing Procedures.[8] The Court cannot grant Mendez's request; therefore, his Motion for Service of Filings via Email is DENIED.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion for Reconsideration (Dkt. 20) is **DENIED.** Mendez is welcome to hire counsel himself or try to find legal representation at a reduced rate, but the Court will not request that counsel represent him.

2. Plaintiff's Motion for Service of Filings Via Email (Dkt. 21) is **DENIED**.

DATED: October 16, 2017

David C. Nye
U.S. District Court Judge

---

[7] Available at: http://www.id.uscourts.gov/content_fetcher/print_pdf_packet.cfml?Court_Unit=District&Content_Type=Rule&Content_Sub_Type=Civil

[8] Available at: http://www.id.uscourts.gov/Content_Fetcher/?ID=1972