UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAUL MENDEZ,<br><br>      Plaintiff,<br><br>      v.<br><br>COMMUNITY HEALTH CLINICS,<br>INC, dba TERRY REILLY HEALTH<br>SERVICES,<br><br>      Defendants. | Case No. 1:16-cv-00425-DCN<br><br>**MEMORANDUM DECISION AND<br>ORDER** |

## I. INTRODUCTION

Pending before the Court are various motions filed by the parties in this case. Plaintiff Raul Mendez filed a Motion to Compel (Dkt. 39) and a Motion for Reconsideration (Dkt. 41) of one of the Court's prior orders. Defendants filed a Motion to Dismiss or in the alternative, a Motion to Compel Deposition and Sanctions. Dkt. 43.

Having reviewed the record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court decides the pending motions on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

## II. FACTUAL AND PROCEDURAL BACKGROUND

Mendez filed this case against Community Health Services, Inc. ("Community Health") as a *pro se* litigant on September 20, 2016. Dkt. 2. In his Complaint, Mendez

generally alleges that Community Health discriminated against him on the basis of race, color, and national origin.

The three pending motions are somewhat related, and while the Court will analyze each individually below, a broad overview is helpful.

On May 9, 2019, Mendez filed a Motion to Compel. Dkt. 39. In his Motion, Mendez asserts that Community Health failed to respond to various discovery requests. Community Health did not timely respond to his Motion to Compel.

A few weeks later, on May 29, 2019, the Court issued a Memorandum Decision and Order denying Mendez's Motion to Amend. Dkt. 40. In short, Mendez had moved (*see* Dkt. 36) to amend his Complaint to add a retaliation claim under the First Amendment. The Court ruled, however, that Mendez's motion was untimely and that he could not justify the substantial delay. Dkt. 40, at 5-6.

Mendez then filed a Motion for Reconsideration (Dkt. 41) asking the Court to reconsider its decision denying his Motion to Amend. Referring to his pending Motion to Compel, Mendez argues that reconsideration is warranted because he was "not aware of all the relevant facts that allow for a retaliation claim under the First Amendment because Defendant has refused to comply with Mr. Mendez['s] diligent efforts to seek discovery." Dkt. 41, at 4.

Defendants then filed a Motion to Dismiss or in the Alternative, Motion to Compel Deposition and for Sanctions (Dkt. 43) alleging that Mendez failed to appear for his scheduled deposition. Mendez's response to this allegation is, again, that he did not appear for his deposition because Community Health had yet to provide the discovery he requested

and without that, he was not prepared to move forward with a deposition.

Community Health then belatedly responded to Mendez's Motion to Compel (Dkt. 46). Each motion is now ripe for adjudication.

### III. ANALYSIS

*A. Motion to Compel (Dkt. 39)*

As noted, Mendez filed this motion due to Community Health's purported failure to respond to various discovery requests. In short, Mendez served Interrogatories, Requests for Admissions, and Requests for Production on Community Health on April 4, 2019. Responses were due May 5, 2019. As of the date of filing (May 9, 2019), Mendez had not received any response. In light of this failure, Mendez asked that the Court compel Community Health to respond.

Community Health failed to respond to Mendez's Motion to Compel in a timely manner. Instead, almost three months later—and after the other motions mentioned above had been filed—it filed a response simply saying that on July 15, 2019, it responded to all of Mendez's requests and as a result, his motion is moot. Community Health also indicated that "many of the documents provided were duplicates of materials already produced by Terry Reilly in its Initial Disclosures." Dkt. 46, at 1. This short and untimely explanation is hardly sufficient, but Community Health's response notwithstanding, its' discovery responses were still over two months late. Additionally, at the very least, Community Health should have coordinated with Mendez at the time of the event and indicated the reasons for the delay—whether it had objections, needed additional time to gather documents, etc. Simply failing to follow the Federal Rules of Civil Procedure ("Rules"),

however, flies in the face of the Court's expectation that parties adhere to principles of fair play in litigation.

Mendez responds to Community Health's explanation by noting that the Rules outline that when served with interrogatories, "[t]he responding party must serve its answers and any objections within 30 days after being served" and that "a shorter or longer time may be stipulated to . . . or be ordered by the court." Fed. R. Civ. P. 33(b)(2). *See also* 34(b)(2)(A) ("The party to whom the request [for production] is directed must respond in writing within 30 days after being served" and that "a shorter or longer time may be stipulated to . . . or ordered by the Court." Additionally, under Rule 36, if a party fails to respond within 30 days to a request for admission, the "matter is admitted." Fed. R. Civ. P. 36(a)(3). In all respects Mendez is correct.

Community Health has wholly failed to provide any justification or explanation for its failure to timely respond to Mendez's discovery requests. Neither party asserts that they stipulated to a different timeframe and no extension of time was sought from the Court.[1] Accordingly, Mendez's Request for Admissions are deemed admitted.

As to the Interrogatories and Requests for Production: certain information *may* be deemed admitted or waived, however, the Court cannot rule on those issues at this time.[2]

---

[1] Mendez takes issue with some deadlines overall, but the Court has reset those on numerous occasions. The Court, therefore, is not concerned with any of those *dates* themselves, but with the fact that Community Health did not respond within the required 30-day timeframe.

[2] The problem here is that beyond Community Health's assertion that they complied on July 15, 2019— and that many of the documents were duplicative of material already produced—the Court does not know what, if anything, was actually duplicative and/or had already been disclosed. Accordingly, the Court cannot determine if certain information is "admitted," or "waived" without additional information. Furthermore, Community Health's assertion that "the Federal Rules of Civil Procedure . . . do not *require*

Because substantial time has elapsed since the filing of this motion, for all intents and purposes, the issue is likely moot. Nonetheless, Mendez's Motion to Compel is GRANTED. Community Health must fully and fairly respond to Mendez's discovery request or seek other relief (e.g., a protective order). The Court will determine at a later time, what other evidence or information—if any—is deemed admitted or waived.

### B. Motion for Reconsideration (Dkt. 41)

A federal court has the "inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks omitted). A motion for reconsideration is "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999).

A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Id.; Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000).

---

that a responding party provide good cause to the serving party to explain delays"—while procedurally true—disregards the fact that compliance is nonetheless required within 30 days. Additionally, assuming arguendo that much of the requested information was duplicative, it would have been fairly easy to comply with the requests in a timely manner. Lastly, whether the Rules require it or not, Community Health should have at least provided the Court with *some* justification or explanation for its failure to timely comply. Maybe Community Health had valid reasons for its timing? Maybe not. The Court simply does not know because Community Health has provided so few details about the events in question.

Mendez begins his Motion for Reconsideration of the Court's prior order denying his Motion to Amend by asserting that, procedurally, he has a right to amend under Rule 15 and should be allowed to exercise that right in this case. This reading of Rule 15 is not exactly accurate. While it is true that parties are afforded an opportunity to amend "as a matter of right" under Rule 15(a), that window is fairly short, happens early on in the case, and correlates to actions taken by defendants. *See* Fed. R. Civ. P. 15(a)(1).

Because Mendez filed his Motion to Amend Complaint after the Court's case management deadline to amend has passed, the motion is governed by Rule 16 as opposed to Rule 15. *See Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607–08 (9th Cir. 1992). Thus, while Mendez is correct that under Rule 15, early in the case, leave to amend a pleading "shall be freely given when justice so requires," his Motion to Amend was filed later in the case and is governed by Rule 16's good cause inquiry, which focuses primarily on "the diligence of the party seeking the amendment." *Id.* at 609. If there is good cause to amend, the Court then undertakes a Rule 15 inquiry as well. *Id.* at 607–08.

Turning to the substance of Mendez's Motion for Reconsideration, the Court finds that none of the limited circumstances under which reconsideration is allowed are warranted in this case.

As mentioned, Mendez first complains of Defendant's failure to comply with discovery as a reason justifying reconsideration. However, there is no correlation between the two. Discovery obligations or failures aside, this does not excuse Mendez's failure to seek leave of the Court to amend until more than one year after the requisite deadline (and almost 18 months after an "initial" Rule 15 Amendment would have been appropriate).

Next, Mendez asserts that the Court erred in comparing his current request to add a retaliation claim under the First Amendment with his already dismissed claim for retaliation under the False Claims Act. However, to clarify its previous decision, the Court was not implying that the two claims were the same and for *that* reason Mendez could not amend. Rather, the Court was pointing out that by including a retaliation claim under the False Claims Act in his original Complaint, Mendez had knowledge of facts relative to retaliatory conduct—however framed—and that, contrary to his assertion, he could have brought a First Amendment claim long before he did.

Finally, Mendez argues that he is a public employee and had a property interest in his employment. This argument was not raised in Mendez's Motion to Amend, does not bear on any of the reconsideration factors and must, therefore, must be dismissed. *See Kona Enterprises, Inc.,* 229 F.3d at 890 (finding that a motion to reconsider "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation").

In summary, the Court has reviewed Mendez's Motion for Reconsideration, as well as its prior decision, and finds there is no basis to reconsider its findings. Mendez's Motion for Reconsideration is DENIED. He will not be allowed to file an amended complaint.

### C. Motion to Dismiss/Compel/ Sanctions (Dkt. 43)

In this Motion, Community Health outlines that Mendez was scheduled to appear for his deposition on May 23, 2019, at 9:00 a.m. at the law firm of Morrow & Fischer, PLLC but, without explanation, did not appear. Dkt. 43-1, at 2–3. At the time, Mendez did not provide any justification for this failure. Community Health asks for case-terminating

sanctions, or at the very least, an order compelling Mendez to appear for his deposition. Additionally, Community Health seeks reimbursement of the expenses it paid the Court Reporter the day Mendez failed to appear—$236.59. *Id.* at 3.

In response, Mendez explains that he did not show up for his deposition because he had yet to receive responses to his discovery requests.

Case-terminating sanctions—such as dismissal—are "harsh" and should "be imposed only in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). Failure to appear for a deposition is not a circumstance that warrants full dismissal of a case. That said, Mendez's "tit-for-tat" behavior—that he didn't need to appear as scheduled because Community Health hasn't responded to his discovery requests—is not appropriate.

At the very least, Mendez should have reached out to opposing counsel with his concerns and/or stated that he could not proceed until his Motion to Compel was ruled on by the Court. Mendez's behavior—simply doing nothing—is not in line with the Court's expectations of fair play in litigation between parties. Accordingly, Community Health's Motion to Compel attendance is GRANTED. The parties shall work together to find a suitable date and time that works for both parties to hold Mendez's deposition. Mendez shall appear for the deposition or face sanctions.

*D. Remedies*

Based on the analysis above, the Court finds that both Mendez and Community Health are entitled to monetary sanctions.

Under Rule 37, Community Health is entitled to a remedy for Mendez's failure to appear at his deposition as scheduled. Community Health has not asked for attorney's fees, but simply the reimbursement for the court reporter—a fee of $236.59. The Court finds that this amount is an appropriate fee.

That said, Mendez is also entitled to an award for Community Health's failure to timely respond to discovery. Under Rule 37, an appropriate sanction for failing to respond to discovery—aside from the information being admitted or waived—is to "pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

Community Health should have responded—or at a minimum, taken some action—to comply with Mendez's discovery requests. The Court finds that because Mendez was forced to file a Motion to Compel, and Community Health has not justified its failure in any way, a small monetary award is appropriate. Mendez is not an attorney and does not have an hourly rate, thus this amount is difficult to calculate. Accordingly, the Court will waive the reimbursement of $236.59 that Mendez owes to Community Health. This will act as Community Health's "sanction" for not timely complying with Mendez's discovery requests.

## IV. ORDER

THE COURT HEREBY ORDERS THAT:

1.     Mendez's Motion to Compel (Dkt. 39) is GRANTED. The Requests for Admission are deemed admitted. Additionally, Community Health must fully

comply with all other discovery requests Mendez has already propounded on it. New discovery requests will not be allowed.

2.    Mendez's Motion for Reconsideration (Dkt. 41) is DENIED.

3.    Community Health's Motion to Dismiss or in the alternative, Motion to Compel Deposition and Sanctions (Dkt. 43) is GRANTED in PART and DENIED in PART as outlined above. Mendez must appear for his deposition when scheduled.

4.    Insofar as the prior scheduling deadlines in this case have long elapsed, certain modifications are necessary. The Court does not know, but assumes that all relevant fact and expert discovery has been completed *except* for Mendez's deposition and any outstanding discovery propounded by Mendez. Should either party require a modification to the schedule below and/or require that other dates in this case be reset, they should contact my law clerk, Bennett Briggs.

A.  Mendez's deposition shall take place on or before **February 29, 2020**.

B.  The Dispositive Motion Deadline shall be **March 31, 2020**.

DATED: January 22, 2020

David C. Nye
Chief U.S. District Court Judge