UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAUL MENDEZ,<br><br>    Plaintiff,<br><br>v.<br><br>COMMUNITY HEALTH CLINICS, INC, dba TERRY REILLY HEALTH SERVICES,<br><br>    Defendant. | Case No. 1:16-cv-00425-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Raul Mendez's Second Motion to Extend Time to Respond. Dkt. 57. Having reviewed the record, the Court finds the parties have adequately presented the facts and legal arguments in the briefs. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court decides the pending motion on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons set forth below, the Court will GRANT Mendez's motion.

## II. BACKGROUND

On March 25, 2020, Defendant Community Health Services, Inc. ("Community Health") filed its Second Motion to Dismiss and for Sanctions. Dkt. 50. Pursuant to Local Rule 7.1(c), a deadline of April 15, 2020, was automatically set for Mendez's response.

On April 5, 2020, Mendez filed a Motion for Extension of Time to Respond. Dkt. 53. Referencing the ongoing pandemic, Mendez explained he had limited access to internet and/or legal materials and requested an extension until May 30—a 44-day extension—to respond to Community Health's motion. The Court found that while an extension was warranted, "for the time being . . . a 30-day extension is sufficient" and set Mendez's response deadline for May 15, 2020. Dkt. 56, at 3–4. The Court encouraged Mendez to find means other than the local library to finish his briefing. *Id.*

Mendez informally contacted the Court on May 3, 2020, indicated that he would need more time to finish his brief, and requested that the deadline be extended—similar to his first request—to June 1, 2020. Mendez subsequently filed an email motion requesting the same. Dkt. 57.

Community Health objects to the current motion. Dkt. 59. In its estimation, Mendez has had sufficient time to work on his legal materials and should be required to file them forthwith. Additionally, Community Health notes that Mendez continually fails to coordinate these issues with them as directed by the Court. Ultimately, Community Health argues that Mendez has not met the requisite good cause standard, did not heed the Court's prior admonitions to use means other than the law library to complete his briefing, did not meet and confer with them, and will only continue to delay this case if granted an extension.

### III. ANALYSIS

As the Court noted previously, the underlying motion at issue—i.e. Community Health's Motion to Dismiss and for Sanctions—relates to Mendez's conduct during this case. The Court will discuss the behavior of both parties in its decision on *that* motion, but

will not delve substantively into it here. That is not to say, however, that the Court is discounting any current behavior in relation to the instant request.

To be sure, Mendez has continually failed to abide by the Court's informal and formal instructions that he needs to communicate with opposing counsel on all issues—including simple procedure matters. Even in the adversarial process that is our legal system, the parties must communicate in order to ensure "the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Mendez's continuing refusal to work with—or at a minimum, to simply reach out to—Community Health frustrates that process.

Additionally, the Court understands Community Health's concerns and agrees that Mendez's motion is light on details. Mendez has admitted that his brief is all but complete, but states that he needs additional time to add legal citations and authority and that he can only do that at the law library. The Court is sympathetic to Mendez's situation, but as it noted previously, Mendez may need to "find alternative means (i.e. other than the local library) to respond." Dkt. 56, at 3.

These observations aside, the ongoing COVID-19 pandemic is unprecedented in how it affects life and work and can be, in itself, good cause for an extension—even if Mendez's personal reasons are not as persuasive. Here, while there will be a delay, it is slight. An additional 14 days will not unduly prejudice Community Health and will give Mendez a full opportunity to brief the issues.

The Court encourages Mendez to utilizes all available means to complete his briefs. Even if he cannot obtain access to a law library, he should nonetheless plan on filing his

MEMORANDUM DECISION AND ORDER – 3

briefs on or before June 1, 2020, as no further extensions will be granted in this matter.

## IV. ORDER

1. Mendez's Second Motion to Extend Time to Respond (Dkt. 57) is GRANTED. Mendez's Response is due on or before **June 1, 2020**. No further extensions will be allowed.

DATED: May 15, 2020

David C. Nye
Chief U.S. District Court Judge